(No. 1947—         )

J. W. JONES, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 14, 1935.*

VICTOR HEMPHILL, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

The claimant herein filed his claim with the clerk of this court on July 15, 1932, claiming the sum of $71.50 as damages caused by a fire started by employees of the State of Illinois on State Bond Issue Route No. 108, Section No. 107, Macoupin County, on July 6, 1931. At the time aforesaid the State Highway Maintenance Patrolman was burning weeds and grass which had been mowed and raked on the State right-of-way, and the fire got beyond his control and spread into a timothy field adjacent to the State right-of-way and burned an area of five acres. It is claimed that five acres of timothy and hay were burned and the yield per acre was 1¼ tons, which would average 5 2/3 bushels of seed per acre or 28½ bushels all told; that the hay was worth $3.00 per ton and the seed was worth $2.00 per bushel, or a total loss of $71.50, no allowance having been made for the cost of labor and threshing, etc.

Claims founded upon similar principles have heretofore been filed in this court, and a well considered case is that of

*Lewis McGarrah, et al.* vs. *State,* 6 C. C. R. 468. It was there held that the State in the construction of the state-wide system of durable hard surfaced roads exercises a governmental function and is not liable for the torts or negligence of its agents, and the same would be true where the State was maintaining the highway by cutting and burning grass and weeds that grew along said highway.

This case reversed a prior holding of this court, in the case of *A. N. Pierce, et al.* vs. *The State of Illinois,* decided January 15, 1930. In the latter case it was held that for any loss of crops resulting by fire from an asphalt tank furnace used upon a State highway spreading upon claimant's land, an award would be made, but no authorities were cited and no attempt was made to reason the liability of the State from established law.

In *Kinnare* vs. *City of Chicago,* 171 Ill. 332, cited in the McGarrah case, the Supreme Court of this State said: ''When the State acts in its sovereign capacity, it does not submit its actions to the judgments of courts, and is not liable for the torts or negligence of its agents.''

In view of the holding of this court in the McGarrah case and the decision of the Supreme Court just cited, we must hold that the State in the instant case is not liable.

The claim, therefore, will be denied.